**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| STACY PLAYS BRANDS, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>STACYPLAYS.COM, an Internet Domain Name,<br><br>   Defendant. | Civil Action No. 1:20-cv-172<br><br>JURY TRIAL DEMANDED |

**VERIFIED COMPLAINT**

Plaintiff Stacy Plays Brands, LLC ("Stacy Plays" or "Plaintiff"), by counsel, alleges as follows for its Verified Complaint against the Internet domain name StacyPlays.com (the "Defendant Domain Name"):

**NATURE OF THE SUIT**

1. This is an *in rem* action for cybersquatting under the Federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1)(a).

2. Plaintiff Stacy Plays was founded by YouTube star and content creator Stacy Hinojosa, who is known worldwide by her trademark/gaming channel name STACY PLAYS.

3. The Defendant Domain Name, StacyPlays.com, mimics the STACY PLAYS trademark *identically* and is being used to display advertisements related to Plaintiff Stacy Plays' goods and services.

4. If the infringement of Stacy Plays' valuable rights in the famous and distinctive STACY PLAYS mark is allowed to continue, it will cause irreparable harm both to Stacy Plays

and to consumers. The Court must act to prevent a serial cybersquatter from continuing to profit from Stacy Plays' goodwill in the STACY PLAYS mark and from consumer confusion regarding the legitimacy of the website and advertisements displayed at www.StacyPlays.com.

## PARTIES

5. Stacy Plays is a corporation organized and existing under the laws of the State of Wyoming, having a principal place of business at 50 E. South Temple, Ste. 400, Salt Lake City, UT 84111.

6. Defendant StacyPlays.com is an Internet domain name which, according to records in the WHOIS database of domain name registrations, is registered in the name of "On behalf of StacyPlays.com OWNER c/o Whoisproxy.com." A copy of the domain name registration record for StacyPlays.com is attached hereto as Exhibit A.

7. On information and belief, "On behalf of StacyPlays.com OWNER c/o Whoisproxy.com" is a proxy for the actual owner of Defendant StacyPlays.com, Tulip Trading Company of Saint Kitts and Nevis, an adjudicated serial cybersquatter that has lost over 40 cybersquatting cases under ICANN's Uniform Domain Name Dispute Resolution Policy.

## JURISDICTION AND VENUE

8. This is a civil action for federal cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) and for trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1)(a).

9. This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 ad 1338(a).

10. This Court has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A). *In rem* jurisdiction is appropriate under 15 U.S.C. §

1125(d)(2)(A)(i)(I) because, on information and belief, the true owner of the Defendant Domain Name is a company located in Saint Kitts and Nevis, and therefore Stacy Plays cannot obtain in personam jurisdiction over a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).  Alternatively, the Court also has *in rem* jurisdiction under 15 U.S.C. § 1125(d)(2)(A)(i)(II) because the identity of the true owner of the domain name is being concealed and therefore Stacy Plays cannot find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

11. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), Stacy Plays will give notice of the violations of Stacy Plays' rights, and Stacy Plays' intent to proceed *in rem*, to the postal and e-mail addresses set forth in the registration records for the Defendant Domain Name.

12. Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(c) and 28 U.S.C. § 1391(b)(2) in that the .COM domain name registry operator, VeriSign, Inc., is situated in this judicial district, and the Defendant Domain Name is a .COM domain name.

## **STACY PLAYS' RIGHTS**

13. In 2013, Ms. Hinojosa created a YouTube channel to post videos of her playing video games under the name STACY PLAYS.  STACY PLAYS is a unique, invented name that combines Ms. Hinojosa's first name and her video game playing adventures.

14. Plaintiff Stacy Plays Brands LLC is a company that was formed by Ms. Hinojosa to manage the media channels and products and services provided under the STACY PLAYS mark.

15. As a site featuring an extremely popular YouTube star where fans can interact with Ms. Hinojosa and STACY PLAYS content, the STACY PLAYS YouTube channel has over 2 Million subscribers. Since 2013, Ms. Hinojosa has published over 2,000 videos on YouTube that

have garnered over 814 Million total views.

16. The popularity of the STACY PLAYS brand extends across social media as well. STACY PLAYS has over 700,000 followers on Twitter, over 450,000 followers across two accounts on Instagram, and over 30,000 Facebook followers.

17. STACY PLAYS also hosts a video blog ("vlog"), called stacyvlogs, which has 390,000 YouTube subscribers.

18. For more than six years, Stacy Plays has provided a wide range of goods and services, including online videos, books, apparel and other merchandise, voice acting, and event appearances through use of the STACY PLAYS mark.

19. STACY PLAYS has published two *New York Times* bestselling novels (*Wild Rescuers: Guardians of the Taiga* and *Wild Rescuers: Escape to the Mesa*). A third book, *Wild Rescuers: Expedition on the Tundra*, will be published by HarperCollins on March 3, 2020, and a fourth book is slated to be released in the fourth quarter of 2020.

20. STACY PLAYS sells merchandise through ShopStacyPlays.com and through "Merch by Amazon" at Amazon.com/stacyplays. The STACY PLAYS branded merchandise includes posters, plushies, mugs, bags, T-shirts, sweatshirts, hats, and other miscellaneous apparel and accessories.

21. STACY PLAYS has published a Minecraft mod,[1] entitled "Stacy's Wolves," that is available for download on CurseForge. This mod and others are included in a Minecraft modpack, entitled "Mystic Mesa," created by STACY PLAYS for the YouTube video series of the same name and also available for download on CurseForge.

22. STACY PLAYS videos are featured on Tankee, a kids gaming video network and

---

[1] Short for "modification," a mod is a downloadable add-on that allows players of a video game to alter and customize their favorite video games.

4

mobile application.

23. STACY PLAYS is a credited character played by Ms. Hinojosa in two video games created by Telltale Games: *Minecraft Story Mode* (2016) and *Minecraft Story Mode Season 2* (2017).

24. STACY PLAYS hosted an online coding challenge called Hour of Code for students sponsored by non-profit organization Code.org.  Winners of the challenge won a Skype video call with STACY PLAYS.

25. The Imaginormous Challenge, a student writing competition hosted by the Roald Dahl Estate, awarded the winner a chance to meet STACY PLAYS and have their winning entry transformed into a playable Minecraft world by the STACY PLAYS team.

26. Ms. Hinojosa has attended dozens of public events that used the STACY PLAYS mark to advertise Ms. Hinojosa's participation as a featured guest for signings and/or to speak on panels. These events include Insomnia 2015; PAX South 2015, 2016, 2017, and 2018; VidCon US 2014, 2015, 2016, 2017, 2018, and 2019; Minecon 2015 and 2016; Disney Infinity Toy Box Summit 2015; GameChanger Games and Music Festival 2016; CVX Live 2017; Minefaire D.C. 2018; Minefaire San Diego 2019; Minefaire San Mateo 2019; Minefaire Dallas 2019; Minefaire Los Angeles 2019; Minefaire Seattle 2019; Minefaire Edison 2019; Minefaire Hartford 2019;  and Minefaire Chicago 2019.

27. Ms. Hinojosa and the goods and services provided under the STACY PLAYS mark have been featured in articles and webpages in numerous websites and online and print publications, including: *110% Gaming*; *Broadway World*; *Business Insider*; *Common Sense Media*; *CT Post*; *Deseret News*; *Digital Spy*; *DisKingdom*; *Forbes*; *Gameranx*; *Youtube.googleblog.com*; *Kirkus*; *Laughing Squid*; *Microsoft Education Blog*; *Minecraft:*

*Education Edition*; *Minecraft.net*; *Mojang*; *Nerdist*; *The New York Times*; *Paste Magazine*; *Publishers Weekly*; *Rock Paper Shotgun*; *ShackNews*; *The Magical World of Amy Lee*; *Think with Google*; *TouchArcade*; *USGamer*; and *Windows Central*.

28. Stacy Plays owns many domain names related to the STACY PLAYS mark including, for example, stacyplays.us, stacyplays.co, stacyplays.org, stacyplays.net, shopstacyplays.com, lilstacyplays.com, littlestacyplays.com, and staceyplays.com.

29. Through Stacy Plays' aforementioned promotion and use of its STACY PLAYS mark, the STACY PLAYS mark has become famous and/or distinctive throughout the United States in connection with Stacy Plays' products and services.

30. The STACY PLAYS mark is entitled to common law trademark rights.

31. In addition to its common law rights in the STACY PLAYS mark that accrued in 2013, Stacy Plays is the owner of all right, title, and interest in U.S. federal trademark Reg. No. 5103954, registered Dec. 20, 2016, by the U.S. Patent and Trademark Office for the STACY PLAYS mark. *See* Exhibit B.

32. The Defendant Domain Name represents an unauthorized colorable imitation of the STACY PLAYS mark, which further demonstrates that the STACY PLAYS mark has acquired distinctiveness and was famous and/or distinctive prior to the time of registration of the Defendant Domain Name.

## **UNLAWFUL REGISTRATION AND/OR USE OF THE DEFENDANT DOMAIN NAME**

33. Upon information and belief, the Defendant Domain Name was registered by Tulip Trading Company for the purpose of profiting from Internet visitors when such visitors assume that StacyPlays.com is associated with Stacy Plays and/or the goods and services provided under the STACY PLAYS mark.

34.   The StacyPlays.com domain name has been configured to display advertisements related to Stacy Plays' goods and services so that the current owner receives compensation when visitors click on such advertisements:



35.   The advertisements displayed at StacyPlays.com are directed to goods and services of the type provided by Stacy Plays under the STACY PLAYS mark including, for example, "Minecraft Mods," "Minecraft," and "Servers for Minecraft"—all of which relate to the field of Minecraft goods and services that are strongly associated with the STACY PLAYS mark.

36.   On information and belief, the current owner of the StacyPlays.com domain name, Tulip Trading Company, is a serial cybersquatter that has a long track record of registering domain names in bad faith that represent misspellings of famous and/or distinctive marks.

37.   Tulip Trading Company has been found to have engaged in cybersquatting in over

40 cases under ICANN's Uniform Domain Name Dispute Resolution Policy.[2]

| Domain | Case | Date | Decision |
| --- | --- | --- | --- |
| sodexorewrdhub.com | WIPO D2019-1166 | 2019-07-11 | Transfer |
| troweorice.com | WIPO D2019-0821 | 2019-06-21 | Transfer |
| statefarmrpx.com | NAF 1840614 | 2019-06-05 | Transferred |
| tdcashcard.com | NAF 1817210 | 2018-12-21 | Transferred |
| smartheet.com | NAF 1811287 | 2018-11-20 | Transferred |
| wwwbrighthouselifeinsurance.com | NAF 1799182 | 2018-09-17 | Transferred |
| pfizerrxpathway.com | WIPO D2018-1374 | 2018-08-31 | Transfer |
| jakcpotjoy.com | WIPO D2018-1224 | 2018-07-18 | Transfer |
| virgnimedia.com | WIPO D2018-1135 | 2018-07-14 | Transfer |
| kansascitysteakes.com | WIPO D2018-1094 | 2018-07-09 | Transfer |
| capitalonecardlogin.com | NAF 1787969 | 2018-07-03 | Transferred |
| certifiedmailinglabels.com | NAF 1786192 | 2018-06-13 | Transferred |
| experianworks.com | NAF 1778720 | 2018-04-18 | Transferred |
| amerimsrk.com | NAF 1768222 | 2018-02-27 | Transferred |
| statefarmresources.com | NAF 1769529 | 2018-02-23 | Transferred |
| webstwrbank.com | NAF 1762599 | 2018-01-12 | Transferred |
| morganstayley.com | NAF 1761735 | 2018-01-04 | Transferred |
| reservationaccor-mail.com | WIPO D2017-2079 | 2017-12-22 | Transfer |
| hamiltonmusical.com | NAF 1748655 | 2017-10-13 | Transferred |
| kohlerusco.com | NAF 1747640 | 2017-10-06 | Transferred |

---

[2] Using other counsel, Ms. Hinojosa previously sought to protect consumers and the STACY PLAYS brand through an administrative proceeding to obtain the transfer of the Defendant Domain Name, but was unsuccessful under the limited procedures of the Uniform Domain Name Dispute Resolution Policy.  See Hinojosa v. Tulip Trading Company, FA1704001725398 (Forum May 24, 2017).  This administrative decision is not entitled to any deference.

| Domain | Case | Date | Decision |
|---|---|---|---|
| logontostatefarm.com | NAF 1745162 | 2017-09-25 | Transferred |
| navyfrederal.com | NAF 1743402 | 2017-09-12 | Transferred |
| totaldirectgym.com | NAF 1741974 | 2017-08-24 | Transferred |
| morganstsnley.com | NAF 1740600 | 2017-08-16 | Transferred |
| arnoldclarkmotors.com | WIPO D2017-1311 | 2017-08-14 | Transfer |
| enterpriseexoticcars.com | NAF 1739558 | 2017-08-13 | Transferred |
| blurapron.com | WIPO D2017-1035 | 2017-07-11 | Transfer |
| myeurotunnel.com | WIPO D2017-0721 | 2017-06-07 | Transfer |
| hippierunners.com | NAF 1714500 | 2017-03-21 | Transferred |
| wwwanimalpak.com | NAF 1714388 | 2017-03-03 | Transferred |
| petplanplus.com | WIPO D2016-2210 | 2017-01-30 | Transfer |
| alamobic.net | NAF 1706140 | 2017-01-16 | Transferred |
| statefarmclaimstatus.com | NAF 1701155 | 2016-12-12 | Transferred |
| expressscriptspatientscript.com | NAF 1692735 | 2016-10-12 | Transferred |
| fridaysrewards.com | NAF 1691369 | 2016-10-10 | Transferred |
| statefarmfireclaims.com | NAF 1681653 | 2016-08-02 | Transferred |
| wwwpringles.com | NAF 1671756 | 2016-05-31 | Transferred |
| nationalgridbenifitservices.com | WIPO D2016-0036 | 2016-02-12 | Transfer |
| asromatv.com | WIPO D2015-1977 | 2015-12-29 | Transfer |
| sanofi-us.com | WIPO D2015-1775 | 2015-12-23 | Transfer |

38. In the above referenced proceedings under the UDRP, Tulip Trading Company was found to have engaged in cybersquatting of a wide range of trademarks from CAPITAL ONE to STATE FARM and from BLUE APRON to PRINGLES.

39. In each of the aforementioned UDRP proceedings, Tulip Trading Company concealed its ownership of the domain name(s) in question until the privacy/proxy service was forced to identify Tulip Trading Company as the owner of the domain name. Therefore, it appears highly likely that Tulip Trading Company owns other as-yet-unidentified domain names that are blatantly cybersquatted.

40. The use of the STACY PLAYS mark within the Defendant Domain Name and/or associated website is without authorization from Stacy Plays.

41. The Defendant Domain Name does not reflect the intellectual property rights or legal name of the registrant of the Defendant Domain Name.

42. The registrant of the Defendant Domain Name has not engaged in bona fide noncommercial or fair use of the STACY PLAYS mark in a website accessible under the Defendant Domain Name.

43. The website displayed by the registrant of the Defendant Domain Name is likely to be confused with Stacy Plays' legitimate online locations.

44. Upon information and belief, the registrant of the Defendant Domain Name registered the Defendant Domain Name with intent to divert consumers away from Stacy Plays' legitimate online locations, for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Defendant Domain Name and the site displayed through use of the Defendant Domain Name.

45. Upon information and belief, the registrant of the Defendant Domain Name uses a service that replaces the domain name owner's contact information with "On behalf of StacyPlays.com OWNER c/o Whoisproxy.com" and thereby conceals the identity of the true owner of the domain name.

## COUNT ONE
## Violation of the Federal Anti-cybersquatting Consumer Protection Act

46. Stacy Plays repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

47. Plaintiff's federally registered STACY PLAYS mark is famous and/or distinctive and was famous and/or distinctive prior to the time of registration of the Defendant Domain Name.

48. The aforesaid acts by the registrant of the Defendant Domain Name constitute registration, maintenance, trafficking in, or use of a domain name that is confusingly similar to Plaintiff's STACY PLAYS mark, with bad faith intent to profit therefrom.

49. On information and belief, the actual registrant of the Defendant Domain Name is based in Saint Kitts and Nevis, and therefore, Plaintiff, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

50. The aforesaid acts by the registrant of the Defendant Domain Name constitute unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

51. The aforesaid acts have caused, and are causing, great and irreparable harm to Plaintiff and the public. The harm to Plaintiff includes harm to the value and goodwill associated with the STACY PLAYS mark that money cannot compensate. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue. Thus, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), Plaintiff is entitled to an order transferring the Defendant Domain Name registration to the Plaintiff.

## COUNT TWO
### Trademark Infringement

52. Stacy Plays repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

53. At the time the Defendant Domain Name was registered and/or used, Plaintiff possessed valid federal trademark rights in the famous and/or distinctive STACY PLAYS mark.

54. On information and belief, the actual registrant of the Defendant Domain Name is based in Saint Kitts and Nevis, and therefore, Plaintiff, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

55. The registration and use of the Defendant Domain Name is a use in commerce.

56. The registration and use of the Defendant Domain Name affect Plaintiff's ability to use its STACY PLAYS mark in commerce.

57. The Defendant Domain Name and its registrant have no valid rights in the STACY PLAYS mark.

58. At the time the Defendant Domain Name was registered and/or used, the Defendant Domain Name and its registrant were on actual notice of the existence of Plaintiff's superior rights in its STACY PLAYS mark by reason of the existence, at that time, of Plaintiff's federal trademark rights.

59. Use of the STACY PLAYS mark by the Defendant Domain Name and its registrant is without the permission or authorization of the Plaintiff.

60. The aforesaid registration and/or use of the Defendant Domain Name has caused and is likely to continue to cause confusion, mistake, and/or deception among consumers and the public, leading the public falsely to believe that the Defendant Domain Name and/or the website

provided thereunder are those of, are sponsored or approved by, or are in some way connected with Plaintiff.

61. The aforesaid registration and use of the Defendant Domain Name constitute direct infringement of Plaintiff's trademark rights in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

62. The aforesaid acts have caused, and are causing, great and irreparable harm to Plaintiff and the public. The harm to Plaintiff includes harm to the value and goodwill associated with the STACY PLAYS mark that money cannot compensate. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue.

## **PRAYER FOR RELIEF**

WHEREFORE, Stacy Plays respectfully requests of this Court:

1. That judgment be entered in favor of Stacy Plays on its claims of cybersquatting and trademark infringement.

2. That the Court order the Defendant Domain Name be transferred to Stacy Plays through transfer by VeriSign, Inc. of the Defendant Domain Name from the current domain name registrar to Stacy Plays' domain name registrar of choice and by such registrar's change of the registrant to Stacy Plays.

3. That any other domain names registered by the registrant of the Defendant Domain Name that resemble or include the STACY PLAYS mark be transferred to Stacy Plays.

4. That the Court order an award of costs and reasonable attorney's fees incurred by Stacy Plays in connection with this action pursuant to 15 U.S.C. § 1117(a); and

5. That the Court order an award to Stacy Plays of such other and further relief as the Court may deem just and proper.

Dated: February 19, 2020　　　By:　/s/ Attison L. Barnes, III /s/
　　　　　　　　　　　　　　　　　Attison L. Barnes, III (VA Bar No. 30458)
　　　　　　　　　　　　　　　　　David E. Weslow (for *pro hac admission*)
　　　　　　　　　　　　　　　　　Adrienne J. Kosak (VA Bar No. 78631)
　　　　　　　　　　　　　　　　　Spencer C. Brooks (for *pro hac admission*)
　　　　　　　　　　　　　　　　　WILEY REIN LLP
　　　　　　　　　　　　　　　　　1776 K St. NW
　　　　　　　　　　　　　　　　　Washington, DC 20006
　　　　　　　　　　　　　　　　　Tel: (202) 719-7000
　　　　　　　　　　　　　　　　　Fax: (202) 719-7049
　　　　　　　　　　　　　　　　　abarnes@wiley.law

　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*
　　　　　　　　　　　　　　　　　*Stacy Plays Brands, LLC*

## VERIFICATION

I, Stacy Hinojosa, Manager of Stacy Plays Brands, LLC, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the facts contained in the foregoing Verified Complaint are true and correct.

_____
Stacy Hinojosa

_____12/16/19_____
Date